UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| PERITAS BRANDS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:23-cv-00483-GMN-DJA |
| vs. | ) | |
| | ) | **ORDER GRANTING MOTION TO** |
| LEAPHIGH ANIMALS, LLC, | ) | **DISMISS FEDERAL PATENT CLAIMS** |
| | ) | |
| Defendant. | ) | |

Pending before the Court are three Motions to Dismiss, (ECF Nos. 20, 41, 55), filed by Defendant Leaphigh Animals, LLC. Plaintiff Peritas Brands, LLC filed Responses, (ECF Nos. 24, 47, 63), to which Defendant filed Replies, (ECF Nos. 32, 58, 70). For the following reasons, the Court **GRANTS** Defendant's Third Motion to Dismiss, **DENIES AS MOOT** Defendant's Second Motion to Dismiss, and **ORDERS A SURREPLY** to Defendant's Reply to its First Motion to Dismiss Plaintiff's State Law Claims.

**I.      BACKGROUND**

This case arises out of a patent infringement dispute that began when Defendant Leaphigh submitted an infringement claim against Plaintiff Peritas through the Amazon Marketplace. (First Am. Compl. ("FAC") ¶ 1, ECF No. 16). Defendant's Amazon Complaint led Amazon to bar Plaintiff from selling 21 of its products on the platform. (*Id.*). Plaintiff manufactures and sells pet products such as bed pads and cage liners for dogs, cats, and other small animals. (*Id.* ¶¶ 8–11).

On June 28, 2022, Defendant filed Intellectual Property Takedown Complaint ID number 10294713221 with Amazon, asserting that Plaintiff's products infringed on Defendant's U.S. patents. (*Id.* ¶ 12). Plaintiff received a notice from Amazon stating that it removed the 21 Accused Products from Amazon Seller Central. (*Id.* ¶¶ 14–15). The notice

informed Plaintiff that the Accused Products would not be relisted until Defendant retracted its Amazon Complaint or Plaintiff provided an agreement from Defendant that the Accused Products did not infringe the patents. (*Id.* ¶ 16).  Defendant owns U.S. Patent No. D930,268 (the "'268 Patent"), U.S. Patent No. 10,966,405 (the "'405 Patent"), and U.S. Patent No. 11,129,357 (the "'357 Patent"). (*Id.* ¶¶ 18–22).

About eight months after Defendant filed the Amazon Complaint, Plaintiff sent a letter to Defendant asserting that their Accused Products did not infringe Defendant's patents, asking for the Amazon Complaint to be withdrawn or a covenant not to sue be provided, or for Defendant to identify the patents and claims Plaintiff allegedly infringed. (*Id.* ¶ 23).  Defendant responded but did not withdraw the Amazon Complaint in whole or in part, did not provide a covenant not to sue, and did not provide Plaintiff with identification of Defendant's infringement contentions. (*Id.* ¶ 24).

Prior to filing the Amazon Complaint in June 2022, Defendant indicated that Plaintiff's Bamboo Carbon Disposable Cage Liner also infringed Defendant's patents. (*Id.* ¶ 28).[1] Plaintiff alleges that it has taken preparatory steps to modify the Accused Products to include additional features but believes Defendant would contend that the proposed modifications would infringe on one or more of its patents. (*Id.* ¶¶ 31–35).

Plaintiff seeks a declaratory judgment of non-infringement and invalidity as to Defendant's three patents and brings three state law claims for violations of the Nevada Deceptive Trade Practices Act, defamation, and business disparagement. (*Id.* ¶¶ 37–68). Defendant moves to dismiss all claims through three separate motions to dismiss.

---

[1] For the purposes of this Order, the Court will include Plaintiff's Bamboo Carbon Disposable Cage Liner as one the "Accused Products."

## II.  LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Therefore, before a federal court may consider the merits of a case, it must first determine whether it has proper subject-matter jurisdiction. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 653–54 (9th Cir. 2002).  Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When subject-matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists.").  Accordingly, the court will presume lack of subject-matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen*, 511 U.S. at 377.

## III. DISCUSSION

Defendant moves to dismiss all claims brought in the FAC. First, Defendant moves to dismiss the state law claims pursuant to Nevada's anti-SLAPP statute, NRS 41.660. (*See generally* First Mot. Dismiss, ECF No. 20). Second, Defendant moves to dismiss Plaintiff's claims for declaratory judgment based on the '268 and '405 Patents for lack of subject matter jurisdiction because Defendant's Amazon Complaint was only premised on the '357 Patent. (*See generally* Second Mot. Dismiss, ECF No. 41). Third, Defendant moves to dismiss Plaintiff's claims for declaratory judgment based on all three patents because it executed a "covenant not to sue" for infringement of the '357 Patent. (*See generally* Third Mot. Dismiss, ECF No. 55). The Court will first address Defendant's motions to dismiss Plaintiff's claims for declaratory judgment of non-infringement and invalidity.

### A. Motions to Dismiss Federal Patent Claims

Defendant's second and third motions to dismiss ask this Court to dismiss counts one though six of the FAC relating to infringement and invalidity. The Court will begin its dismissal analysis with Defendant's Third Motion to Dismiss because the recent Covenant Not to Sue implicates all six of Plaintiff's declaratory judgment claims. Because the Covenant Not to Sue results in the dismissal of all claims, the Court need not address the arguments made in Defendant's Second Motion to Dismiss.

#### 1. Covenant Not to Sue

Defendant moves to dismiss Plaintiff's claims seeking a declaration of noninfringement and invalidity because the parties recently executed a Covenant Not to Sue. (Third Mot. Dismiss 1:16–23, ECF No. 55). Because of this covenant not to pursue claims against Plaintiff for alleged infringement relating to the Accused Products, Defendant requests that the claims be dismissed for lack of subject matter jurisdiction. (*Id.*).

A party has standing to bring an action under the Declaratory Judgment Act if an "actual controversy" exists. 28 U.S.C. § 2201(a).  In *MedImmune, Inc. v. Genentech, Inc.*, the Supreme Court explained the relevant standard for "actual controversy" as it applies to patent cases: "the facts alleged, under all circumstances, show there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." 549 U.S. 118, 127 (2007).  The dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests," such that the dispute is "real and substantial" and "admi[ts] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.*  Declaratory judgment actions may arise when, in a case such as this one, the accused infringer disputes the patentee's extrajudicial assertion of infringement and seeks judicial resolution. *See Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362 (Fed. Cir. 2009).

An actual controversy must exist at all times during litigation, not just the start of litigation. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).  A covenant not to sue, or a similarly binding representation, renders the case moot if the defendant could not reasonably be expected to resume its enforcement efforts against a declaratory judgment plaintiff. *See Already, LLC, v. Nike, Inc.*, 568 U.S. 85, 94–95 (2013); *Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 718 F.3d 1350, 1358 (Fed. Cir. 2013).  If a covenant not to sue is executed prior to resolution of the infringement claim, such as at the outset of litigation, it may render the case moot. *See Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 140, 1347 (Fed. Cir. 2007).  A covenant not to sue, however, does not necessarily divest the court of jurisdiction.  Instead, "[w]hether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1297

(Fed. Cir. 2009).  Therefore, the Court will evaluate the covenant to determine whether it divests the Court of jurisdiction.

Here, Defendant's Covenant Not to Sue states that the Accused Products infringed only Independent Claims 1 and 15 of the '357 Patent. (Covenant Not to Sue at 1, Ex. 1 to Third Mot Dismiss, ECF No. 55-1).  The Covenant Not to Sue affirmatively states that other than Independent Claims 1 and 15, the Accused Products do not infringe any remaining independent or dependent claims of the '357 Patent. (*Id.*).  So, as to Claims 1 and 15 of the '357 Patent, Defendant agreed not to sue, nor take any other non-judicial action against Plaintiff, for infringement of those claims by the Accused Products. (*Id.*).  Defendant also retracted its Amazon Complaint, and in November of 2023, Amazon confirmed the Accused Products were relisted for sale on their website. (Third Mot. Dismiss 4:4–8); (Covenant Not to Sue at 2, Ex. 1 to Third Mot. Dismiss).

Not only did Defendant promise not to sue for infringement of the '357 Patent by the Accused Products, but it also affirmed in its Covenant Not to Sue that the Accused Products did not infringe the '405 Patent or the '268 Patent. (Covenant Not to Sue at 1, Ex. 1 to Third Mot. Dismiss) (containing recitals affirming that the Accused Products do not infringe the '405 Patent or the '268 Patent).  Recital four states that only certain claims of the '357 Patent were infringed by the Accused Products, "and that no other claims of any other LeapHigh U.S. patent nor any of the remaining independent and dependent claims of the '357 Patent (specifically, Claims 5, 6, and 8 through 35) were infringed by the Subject Products." (*Id.*). And recital five affirms the same as to the additional bamboo liner product mentioned in the FAC. (*Id.*).  Defendant's filings in this Court affirm the same. (*See* Reply to Second Mot. Dismiss 2:3–6, ECF No. 47) (warranting that the "Accused Products do not infringe the Unasserted Patents.") (emphasis in original); (*see also* Second Mot. Dismiss 5:16-17) (stating that "the Accused Products do not infringe either of the Unasserted Patents."); (*see also* Penn

Decl. ¶ 11, Ex. 1 to Second Mot. Dismiss, ECF No. 41-1) ("[W]e have not alleged infringement of US Patent No. 10,955, 405 or of US Design Patent No. D930,268.  Specifically, we have not seen any Paw inspired products that have the pocket as recited in those patents.").

Thus, the Court concludes that Defendant's Covenant Not to Sue eliminates a reasonable apprehension of a suit being brought against the Accused Products for infringement of the '357 Patent, '405 Patent, or the '268 Patent.  Not only has Defendant covenanted not to sue for the Accused Products' alleged infringement of Independent Claims 1 and 15 of the '357 Patent, but it has stated affirmatively that the Accused Products do not otherwise infringe other claims in the '357 Patent, '405 Patent, or '268 Patent.  Because Defendant has affirmatively taken the position that the Accused Products do not infringe its '405 or '268 Patent, nor the other Claims of the '357 Patent, any attempt by Defendant to assert the contrary in future proceedings, would fail. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("'[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.'").

That said, a threat of infringement against the Accused Products is not the only harm Plaintiff identifies.  Plaintiff also alleges that the existence of Defendant's patents, and history of non-judicial infringement action, prevents them from designing, marketing, and selling their new anticipated products. (FAC ¶¶ 30–36) (Resp. to Second Mot. Dismiss 14:4–20, ECF No 47).  Plaintiff has over 100 products made and sold in the United States, four of which "are fully designed and ready for manufacture, but are awaiting the Court's declaration of the scope and rights under the patents." (Resp. to Third Mot. Dismiss 6:9–13, ECF No. 63).  These products include features implicating "nearly all of the '357 patent claims not covered by the covenant." (*Id.* 6:18–23).

A similar issue involving a partial covenant not to sue was addressed in a Federal Circuit case cited by Plaintiff, *Revolution Eyewear*. 556 F.3d at 1296.  The covenant in *Revolution Eyewear* promised not to sue the plaintiff for past and current infringement, but it did not apply to potential future infringement of the same product. *Id.* at 1296.  The Federal Circuit noted, "Revolution's covenant does not protect Aspex from suit should Aspex embark on future marketing of its bottom-mounted eyewear products." *Id.*  The plaintiff specifically sought declaratory judgment on future infringement, so the Federal Circuit held that the covenant not to sue did not divest the trial court of jurisdiction to declare noninfringement and invalidity. *Id.*

Here, unlike the covenant in *Revolution* that failed to cover the continued sale of the alleged infringing product, the Covenant Not to Sue in this case extends to the future marketing and sale of the Accused Products. (Covenant Not to Sue at 2, Ex. 1 to Third Mot. Dismiss).  In fact, Amazon confirmed that the Accused Products are again listed for sale on the Amazon Marketplace. (*Id.*).  But, as Plaintiff points out, the Covenant Not to Sue does not extend to their planned activity of selling new designs.  Defendant's covenant focuses solely on the 21 Accused Products. (*Id.* at 1); (Resp. to Third Mot. Dismiss 7:1–5).[2]  Notably, however, the FAC does not request a declaratory judgment of non-infringement as to any products other than the Accused Products. (*See* FAC ¶¶ 31, 36, 41).  Because the FAC only requests a declaratory judgment as to the Accused Products, and the Court finds that there is no longer an "actual controversy" as to whether the Accused Products infringe any of Defendant's three patents, the Court dismisses Claims 1–3 which seek a declaratory judgment of non-infringement, as well as Claims 4–6 which seek a declaratory judgment of invalidity. *See Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1345–47 (Fed. Cir. 2010) (holding that a covenant not to sue the alleged

---

[2] Plaintiff also argues that the Covenant Not to Sue covers only 17% of the claims of the '357 Patent. (*Id.*).  But as the Court noted above, the Covenant Not to Sue affirms that the Accused Products do not infringe the remaining claims of the '357 Patent, nor the '405 or '268 Patents.

infringer for infringement of a particular patent divested the district court of subject matter jurisdiction over claim for declaratory judgment of invalidity relating to that patent).

### 2.  Leave to Amend

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court determines that it is not entirely divested of subject matter jurisdiction and grants Plaintiff leave to amend their declaratory judgment claims to include products not covered by the covenant.  Plaintiff's claims relating to the Accused Products are dismissed with prejudice, but it is not "absolutely clear" that Plaintiff's anticipated future activities relating to other products would not be alleged to infringe on Defendant's patents.  The U.S. Supreme Court has held that "the standard for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 170 (2000); *see also Already*, 568 U.S. at 94–95 ("The case is moot if the court, considering the covenant's language and the plaintiff's anticipated future activities, is satisfied that it is "absolutely clear" that the allegedly unlawful activity cannot reasonably be expected to recur.").

When a covenant is broad and irrevocable and covers both current designs and future designs constituting colorable imitations of current designs, a case is considered moot because the challenged conduct cannot reasonably be expected to recur. *Already*, 568 U.S. at 94–95. And future planned activities can warrant a dispute "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" even in cases where the commercial product launch is at least one year away, if the plaintiff is in a "present position of either committing to contracts that could expose it to liability for indirect infringement or abandoning its plans to supply [products] in the United States." *Arkema Inc. v. Honeywell International Inc.*, 706 F.3d 1351, 1359–60 (Fed. Cir. 2013).

Defendant has not met its burden of showing that it could not reasonably be expected to resume enforcement efforts against Plaintiff's products not covered by the Covenant Not to Sue in the list of 21 "Accused Products." Plaintiff's anticipated future activities include releasing additional products that could implicate Defendant's patents. And Plaintiff has undergone "meaningful preparation" to manufacture and sell these products because Plaintiff is making prototypes and has identified a supplier. (Resp. to Second Mot. Dismiss 19:3–14). Unlike the broad covenant in *Already* that promised not to sue over future designs, the covenant in this case is significantly narrower and applies only to the Accused Products. The Court finds that this dispute would be sufficiently "real and substantial" if Plaintiff amended its claims to request specific relief for these planned products. Thus, Plaintiff is granted leave to amend its claims for noninfringement and invalidity to remove the controversy over the Accused Products and include the products falling under its "planned activities."

**B. Motion to Dismiss State Law Claims**

Defendant further moves to dismiss Plaintiff's three state law claims pursuant to Nevada's anti-SLAPP statute, NRS 41.660. (*See generally* First Mot. Dismiss, ECF No. 20). Plaintiff's Response opposes dismissal via Nevada's anti-SLAPP statute and further argues that

the anti-SLAPP statute and litigation immunity do not apply because federal patent law exclusively governs patent rights communication. (Resp. to First Mot. Dismiss 19:13–21:22, ECF No. 24).  In Defendant's Reply, it argues for the first time that Plaintiff's state claims themselves are preempted by federal patent law because Plaintiff cannot make a showing of bad faith. (Reply to First Mot. Dismiss, 3:11–6:19, ECF No. 32).  Because Defendant is making a new argument for dismissal in its Reply, the Court GRANTS Plaintiff 14 days to file a surreply addressing Defendant's preemption argument.  Leave to file a surreply is discretionary and should only be granted "where a valid reason for such additional briefing exists, such as the movant raises new arguments in its reply brief." *Hill v. England*, No. CVF05869RECTAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005); *see also Edwards v. Mondora*, 700 F. App'x 661, 664 (9th Cir. 2017).

V.     **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Third Motion to Dismiss, (ECF No. 55), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall have 21 days from the date of this Order to file a complaint amending the federal patent claims.  Failure to file an amended complaint by the required date will result in the Court dismissing Plaintiff's claims with prejudice.

**IT IS FURTHER ORDERED** that Defendant's Second Motion to Dismiss, (ECF No. 41), is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff shall have 14 days from the date of this Order to file a Surreply to Defendant's Reply to the first Motion to Dismiss, (ECF No. 32), to address Defendant's preemption argument.

**IT IS FURTHER ORDERED** that the *Markman* Hearing scheduled for March 6, 2024, is **VACATED** and will be rescheduled when the parties provide an amended Joint Claim Construction and Prehearing Statement (LPR 1-15(f)).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment, (ECF No. 37), is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Document, (ECF No. 72), is **DENIED as moot.**

**DATED** this __27__ day of February, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT